UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
\_\_\_\_

**UNITED STATES OF AMERICA,**

   **Plaintiff,**           Case No. 1:25-CR-4

  v.               Hon. Paul L. Maloney

**MICHAEL EDWARD SIWEK,**

   **Defendant.**

### DEFENDANT'S MOTION FOR RECONSIDERATION OF BOND

  Michael Siwek, through counsel, respectfully requests this Honorable Court for a hearing to reconsider his bond.  In support, he states:

  1. Mr. Siwek is charged with sexual exploitation of a minor and possession of child pornography.

  2. The Indictment alleges that Mr. Siwek surreptitiously photographed his 8-year old stepdaughter for the purpose of sexual arousal.

  3. Mr. Siwek was admitted to pretrial bond on December 18, 2024.

  4. The conditions of bond included, in part, that Mr. Siwek would live with his parents, have "[n]o computers in the home and no Internet access" and "[a]void all contact, directly or indirectly, with any persons who are or who may become a witness, victim, informant, or co-defendant."

  5. Mr. Siwek's wife filed for divorce.

  6. Mr. Siwek is a licensed attorney who represented himself in the divorce.

7. On April 29, 2025, a request was submitted for revocation of Mr. Siwek's bond.

8. The petition alleged that Mr. Siwek violated his conditions of bond by using a computer with internet access, and by contacting his ex-wife on several occasions using numerous outlets.

9. A material change in circumstance has occurred in this case since the hearing at which the Court revoked Mr. Siwek's bond.

10. At the time of the bond revocation hearing, Mr. Siwek's divorce was not final.

11. Mr. Siwek, while representing himself, tried to engage in different ways to convince his ex-wife to reconcile and, in the alternative, to negotiate a resolution of the divorce case.

12. The divorce is now final.

13. Mr. Siwek understands that there is no chance for reconciliation and has no reason to have any contact with his now ex-wife.

14. Present counsel has discussed the situation at length with Mr. Siwek's parents.

15. They are willing to have him return to their home during pretrial proceedings.

16. Mr. Siwek's mother, Pat Siwek, is prepared to testify before this Court about what she and her husband will do to guarantee that Mr. Siwek will not have access to the internet while he stays with them.

17. Mr. Siwek's parents are willing to cancel their internet subscription, pledge to the Court that they have no tablets that could connect to the internet through a data connection, and pledge to keep their cell phones away from Mr. Siwek at all times.

18. Mr. Siwek's parents are serious and well-intentioned people who have no criminal record.

19. Mr. Siwek suffers from Alexander Disease, an extremely rare, neurological disorder that is usually progressive and fatal.

20. The disorder is included among leukodystrophies – diseases of the white matter of the brain.

21. There is no cure for Alexander Disease.

22. Treatment focuses on managing symptoms and improving quality of life.

23. Upon his diagnosis with this condition in his late 20's, his parents worked with him to learn a diagnosis and to find treatment.

24. They eventually found the East Ann Arbor Health and Geriatrics Center / Department of Neurology at the University of Michigan.

25. The clinic is one of the leading treating institutions in the world for this condition.

26. Mr. Siwek worked with the clinic to determine if his symptoms could be addressed with medication.

27. Mr. Siwek spent years working with the Center to find the correct combination of medications to address his symptoms.

28. His treatment requires ongoing work to regulate his medications.

29. He has now missed one of his regular appointments at the clinic.

30. He seems to be receiving his prescribed medications now, but he has been deprived of the medications for a significant period of time and has suffered greatly during that time.

31. Mr. Siwek's health is fragile, at best.

32.     Mr. Siwek can demonstrate, through the testimony of one or both of his parents, and through his own promise to the Court, that he will not violate the terms of his original bond if the bond is reinstated.

**WHEREFORE**, Mr. Siwek requests this Court to reinstate his pretrial bond based on the same conditions originally set or based on additional conditions that the Court determines to be appropriate.

Date:  July 28, 2025                           **SCOTT GRAHAM PLLC**

                                                By:   /s/ Scott Graham
                                                        Scott Graham
                                                        Attorney for Defendant
                                                Business Address:
                                                        P.O. Box 340
                                                        Portage, Michigan 49081
                                                        (269) 327.0585