Case 1:25-cr-00004-PLM    ECF No. 81, PageID.268    Filed 09/22/25    Page 1 of 7

FILED - KZ
September 22, 2025 3:20 PM
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
ems    Scanned by ES/9/22

United States District Court,
Western District of Michigan

United States of America,
  Plaintiff,
v.                                                        Hon. Paul L. Maloney
Michael Edward Siwek,                      Case No. 1:25-cr-4
  Defendant

---

Defendant's Appeal of Magistrate's Revocation of Bond/Motion for Restoration of Bond.

NOW COMES Defendant and brings this motion/Appeal. In support he states as follows:

1. In late April, Defendant was rearrested charged with bond violations.
2. Specifically, the following actions were alleged:
   A. Defendant wrote a letter to his wife asking for a meeting;
   B. Defendant sent a text message to his wife asking for a meeting.
   C. In two pieces of correspondence to Plaintiff's attorney, Defendant again requested

meeting with his wife and D. Defendant attended a court mandated Divorce hearing via zoom using a borrowed smartphone.

3. At the hearing on the Revocation of Bond, the Magistrate recognized that the request for meeting were in the context of the divorce filed by his wife that he did not want that divorce to occur. She noted that this was "human impulse." [Transcript, p. 10].

4. The Court further recognized this was not a "danger" to the community as the only potential danger was to Ms. Ford and she clearly demonstrated her ability to avoid that. [Transcript, p. 10].

5. That the Court focused more upon the Defendant's use of the internet to attend the Court mandated hearing as a problem, or "danger" to the community.

6. That Defendant's counsel did raise that this was a mistake, but did not press this issue. [Transcript, p. 8].

7. That the Magistrate was also focused upon the ability to provide a "safe" location for Defendant's bond release where any internet access could be limited. [Transcript, p. 16]

8. That the Magistrate never considered the further suitability of Defendant's parents as hosts, instead finding no alternative and revoking bond.

9. That Defendant's new attorney, Scott Graham, filed a motion for reconsideration of the bond issue shortly after his appointment.

10. This was a weak motion without legal argument or a brief, essentially asking the Magistrate to change her mind.

11. That the motion was denied without hearing.

12. That in July, Attorney Graham filed a second motion for reconsideration. Again he made no legal arguments and filed no brief.

13. That this motion, however, did attempt to address the issues presented at the initial hearing.

14. That the motion stressed that all of the complained of actions were in the context of the divorce. Since the divorce is over, the danger is over as well.

15. That the new motion also addressed the residence concern, stating that Defendant's parents are upstanding citizens, and that both were willing to testify at the hearing to

their willingness and capability to provide a safe bond environment.

16. That the Magistrate AGAIN denied the motion without hearing, issuing a brief Order. [Exhibit 2, Order].

17. That in her Order, the Magistrate appeared to ignore her actual concerns raised in the first hearing, ignoring the arguments newly raised, and ignoring the proposed solutions.

18. Rather, the Magistrate now claimed that apparently the danger of bond was to Ms. Ford, stating:

"... any suggestion that he only contacted her because he was representing himself in the divorce is disingenuous. he was well-aware she was represented by Counsel." [Ex. 2, Order p.2]

19. She then goes on to state that the completion of the divorce does not eliminate the risk he will contact his ex-wife again. [Ex. 2, p.2].

20. These arguments are erroneous and confusing.

21. When the divorce was actually filed, the only communications made by Defendant WERE to the attorney

22. That, just as he had offered that any meeting prior to the filing include her parents to prevent improper communications, Defendant assumed and intended that Ms. Ford's attorney would be present at any meeting, eliminating any "danger" or improper communication.

23. That Defendant's use of the Internet was a mistake, and this violation was thus excusable under federal law.

24. That Defendant's parents remain capable and suitable posts for Defendant on bond.

25. That the Defendant's four contacts to attempt a meeting with the ~~[redacted]~~ now ex-wife were all clearly attempts to delay, if not prevent, his divorce.

26. As recognized by the Magistrate, this was "human impulse." The divorce is over and that danger eliminated.

27. That as recognized by the Court, there is no significant danger there in any event as it is clear Ms. Ford is capable of rebuffing any future communication attempts.

28. That at the initial hearing Defendant's counsel argued that Defendant had had 5 to 6 days in jail to contemplate his actions and learned his lesson. [Ex. 1, p. 14]

But now Defendant has sat in jail for 5 to 6 <u>MONTHS</u> with nothing occurring in his case. He has certainly gotten the message.

29. That this bond has cost the Defendant $10,000.00 and the ability to retain his own attorney, and he is not willing to risk losing that again, further assurance of no more violations.

30. That, further still, Defendant now represents himself and requires the ability to properly research his defenses, retain experts, draft motions and in all other ways defend himself.

31. That these tasks are virtually impossible from the Van Buren County Jail.

32. That Defendant begs the court for this opportunity to defend himself after sitting for <u>TEN MONTHS</u> with <u>NOTHING</u> being done.

33. That Defendant's health requires attention not currently received in jail, including medication adjustment, checks on his Alexander's Disease, dental work (including teeth lost while detained) and abnormal swelling in his legs, none receiving attention in jail.

WHEREFORE Defendant requests that this motion be granted, and:

A. Dates be adjourned for Defendant to file relevant motions, etc.

B. That Defendant be granted use of his new, in the box desktop computer (currently in ex-wife's possession) purchased for his legal business for the purposes of drafting relevant Court filings.

C. That Defendant be appointed standby counsel in the Grand Rapids area and be allowed to travel to that office at least 3 days per week for 4 to 6 hours at a time (maximum) to perform supervised research, discuss the case, and develop strategy, and

D. Any other relief deemed necessary and proper by the Court.

September 18, 2025
Date

Michael E. Siwek
(P64198)