UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>      Plaintiff,  )<br>  )<br>v.  )<br>  )<br>MICHAEL EDWARD SIWEK,  )<br>      Defendant.  )<br>  ) | No. 1:25-cr-4<br><br>Honorable Paul L. Maloney |

## ORDER DENYING APPEAL OF MAGISTRATE JUDGE DECISION

This matter comes before the Court on Defendant's motion appealing the magistrate judge's decision denying reconsideration of his bond. (ECF No. 81). The Government opposes the motion. (ECF No. 85). Because the Defendant has admitted to violating conditions of his previous bond and offers no new information in his present motion, the motion will be denied.

A Court's bond decision may only be reopened if "information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2)(B). "In other words, the new information must be of a nature that would increase the likelihood that the defendant will appear at trial and would show that the defendant is less likely to pose a danger to the community." *United States v. Watson*, 475 F. App'x 598, 600 (6th Cir. 2012).

1

Defendant is charged with sexual exploitation of a minor and possession of child pornography. He admitted to violating terms of his previous bond by contacting his ex-wife, a witness in this case, several times, and by using a device with internet access. (ECF No. 67 at PageID.182-84). In the present motion, he argues that prior contacts with his ex-wife were connected with then-ongoing divorce proceedings which have closed, that his parents would deny him access to internet-connected devices, and that he needs access to a computer to file documents with the Court in his own defense. (ECF No. 81).

None of these arguments are premised on new information, and none of them suggest an increased likelihood that Defendant would appear at trial or that he is less likely to pose a danger to the community. Defendant understates the seriousness of his prior violations. When contacting his ex-wife previously, he expressed willingness to give up claim to marital property in exchange for a meeting with her, (ECF No. 67 at PageID.184-85), suggesting he intended something other than an attempt to repair the marriage. Even if that were his intention, his bond conditions did not contain an exception for intentions he deemed good. Defendant used an internet-connected device without permission while living with his parents; it was his responsibility alone to obey the conditions of his bond, and living with his parents clearly failed to stop him from violating them. Defendant's request to access a computer would further increase the danger that he would access the internet without permission or engage in prohibited communications. Defendant has cited no legal authority suggesting that his decision to represent himself entitles him to reconsideration of his bond, and the ramifications of his decision to represent himself were clearly explained to him at the hearing where he discharged his most recent attorney.

The appeal of the magistrate judge's decision (ECF No. 81) is thus **DENIED**.

**IT IS SO ORDERED.**

Date:  September 26, 2025                                        /s/ Paul L. Maloney
                                                                 Paul L. Maloney
                                                                 United States District Judge