United States District Court
Western District of Michigan
Southern Division

United States of America,
Plaintiff,

v.

Michael Edward Sluck,
Defendant

No. 1:25-cr-4
Honorable Paul L. Maloney
Magistrate Sally J. Berens

FILED - GR
October 10, 2025 2:05 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: MKC  SCANNED BY /s/ 10/10/25

## Defendant's Motion for Reconsideration of Magistrate's Bond Revocation

NOW COMES Defendant and brings this motion for Reconsideration of his bond revocation, and in support states:

1. In late April, Defendant was arrested on bond violations.

2. Specifically, the following violations were alleged:

   A. Defendant wrote a letter to his wife asking for a meeting.

   B. Defendant sent a text message to his wife asking for a meeting.

   C. In two pieces of correspondence to Plaintiff's attorney, Defendant again requested a meeting with his wife

and D. Defendant attended a Court-mandated Divorce hearing via zoom using a borrowed smart phone.

3. At the hearing, this Magistrate recognized that the requests for a meeting were in the context of a divorce, filed by Defendant's wife, that he did not want to occur. The Magistrate noted that this was "human impulse" (transcript, Ex. 1, p. 10)

4. That the Court further recognized that this did not pose a danger to the community as the only potential danger was to Ms. Ford, and she clearly demonstrated her ability to avoid that danger. (Id.)

5. That the Magistrate focused more upon the Defendant's use of the internet connected device to attend the hearing as the potential "danger" to the community.

6. At the hearing, Defendant's counsel mentioned that this was a mistake, but he recensargued the issue. (Transcript p. 8).

7. That the Magistrate was also focused on the ability to provide a "safe" location for Defendant's bond release where any internet use could be limited. (Ex 1, Transcript, p. 16).

8. That the Magistrate never considered Defendant's parents as further hosts, in light of the singular mistake, found no alternative and revoked bond.

9. That Defendant's new court-appointed attorney, Scott Graham, filed a motion for reconsideration

10. That the motion was weak, without legal argument or brief, and was dismissed without hearing.

11. That, in July, the Defendant's attorney filed a second motion for reconsideration.

12. That this motion was also without legal argument or brief. However, the motion did attempt to address the issues raised at the initial hearing.

13. The motion stressed that all of the complained of contacts were in the context of Defendant's divorce proceedings. Since the divorce is over, the potential "danger" is also over.

14. That the 2nd motion also addressed the Magistrate's concerns over Defendant's ongoing residence, stating that both of Defendant's parents were upstanding citizens available to testify at the hearing regarding their willingness and ability to provide a continued safe bond environment for Defendant pre-trial.

15. That the Magistrate again denied the motion without hearing, issuing a brief order (Exhibit 2).

16. That in her Order, the Magistrate did not even address her prior concerns or the Defendant's arguments related to the same.

17. Rather, the Magistrate now asserted that the "danger" on bond was to Ms. Ford, stating: "... any suggestion that he only contacted her

because he was representing himself in the divorce is disingenuous. He was well aware she was represented by counsel." (Ex. 2, Order p. 2).

18. The Magistrate then went on to state that the completion of the divorce does not eliminate the risk Defendant will contact his wife again (Order, p.2).

19. That this Order was erroneous, and contradictory of the Magistrate's prior statement.

20. That when the divorce was actually filed, the only communication were to the attorney for Ms Ford, and the requests for meetings were assumed would be with her counsel present.

21. Subsequently, the Defendant discharged his attorney, and now represents himself.

22. That Defendant erroneously filed an appeal of the Magistrate's Orders to the District Court.

23. Judge Maloney denied the motion without hearing, deferring to the Magistrate finding that the Magistrate was presented with nothing new. (Order, Ex. 3).

24. That, consequently, the Defendant has filed the instant motion.

25. First, the Defendant's singular use of an internet-capable smartphone to attend the Zoom Court hearing was a mistake.

26. That Defendant is a practicing attorney, and in his experience, attendance at court mandated hearings are <u>always</u> exempted from bond prohibitions.

27. That Defendant, being an attorney, assumed he was entitled to attend the hearing. He did not think to bother the probation agent as it did not require him leaving the house.

28. That in retrospect, simply contacting the probation agent would have avoided this entire incident, but at the time Defendant never conceived that this could be a violation.

29. This attendance, a singular occurrence, should be forgiven, and probation restored.

30. Second, Defendant's parents remain suitable hosts to Defendant's bond
   A. as stated above, they are upright citizens and capable of providing a suitable bond environment.
   B. That the host parents were mortified to learn that they had allowed a bond violation, thinking that attending the hearing was allowed.
   and C. The parents would never allow another such violation. Consulting Defendant's probation agent will reveal Defendant's mother's regular calls to her to ensure her proper conduct.

31. Third, The 4 contacts requesting meetings with Defendant's wife were all in the context of a divorce filed by the wife.

32. That Defendant intended only to discuss the divorce, seeking to prevent it, or at least delay it until after the criminal case.

33. That this is proven, that the criminal case would not be discussed, as Defendant offered that Ms. Ford's parents be present at the meeting, and then that her lawyer be present.

34. That because this was a Court proceeding initiated by Ms. Ford, Defendant believed such a meeting would be allowed, making this another forgivable mistake.

35. That, as recognized by the magistrate at the initial hearing, this attempt at a meeting was "human impulse" (Ex. 1, p. 10)

36. That, similarly, there is no danger to anyone by these attempts to contact Ms. Ford for a meeting except potentially Ms. Ford. However given that "Danger" is nonexistent as Ms. Ford has clearly demonstrated the ability to rebuff them (Ex. 1, p.16)

37. That now that the divorce is complete, Defendant has no reason, or desire, to contact Ms Ford in any way.

38. That since the Revocation of Defendant's bond, three significant developments have occurred:
   A. That the divorce was finalized.
   B. That Defendant discharged his attorney and now represents himself.
   and C. That Defendant has been incarcerated for more than <u>five months</u>.

39. First, Defendant, as stated above sought simply to prevent, or at least delay, the divorce. Since that is over, and Ms. Ford clearly wants nothing to do with Defendant, he no longer has reason to contact her, nor desire to do so.

40. That further, Defendant already paid $10,000 for this bond and he would not risk it again.

41. That further, the public defender at the initial hearing said that Defendant had had 5 or 6 days in jail and had learned his lesson. (Ex 1, p. 14).

42. That, now, Defendant has had between 5 and 6 <u>MONTHS</u> in jail, and he has certainly learned the lesson and would NOT risk that again.

43. That finally, Defendant now is self-represented and being on bond is

vital to that effort.

44. That Defendant needs to locate, retain, and engage potentially 3 experts and that effort is nearly impossible from the Van Buren County Jail.

45. That similarly, Defendant anticipates filing multiple pretrial motions, and obtaining supporting documents, researching, and drafting said motions will be extremely difficult from the Jail.

46. That Defendant can assure the Court that pursuing his Defense will be the ONLY focus of his attention if allowed back on bond.

47. That Defendant begs the Court for this opportunity to be out on bond to defend himself when he has roughly 2 months until his trial after more than 10 MONTHS of virtually nothing being done.

48. That, as an aside, Defendant's health has significantly declined during this course. The Van Buren Jail does not consistently provide my medications (this week alone missing 8 doses) causing my Alexander's Disease condition to significantly worsen. I have lost multiple teeth and suffer other ailments. I would like to seek medical

attention if allowed back on bond.

WHEREFORE Defendant respectfully requests that the Magistrate now reconsider her decision and restore the Defendant's bond. That Defendant's life is very literally at stake, and this is necessary to Defendant's Defense.

Thank you,

[signature]

10-4-2025
Date

Michael E. Sinek
(264198)

Inmate: Michael E. Slack
Van Buren County Sheriff
JAIL
205 S. Kalamazoo Street
Paw Paw, MI 49079

US POSTAGE PITNEY BOWES
ZIP 49009 $ 003.00
02 7W
0008028433 OCT 07 2025

FIRST-CLASS

Clerk of the Court
United States District Court
399 Federal Building
110 Michigan Ave. NW
Grand Rapids, MI 49503

THIS MAIL IS FROM A PERSON INCARCERATED AT THE VAN BUREN COUNTY JAIL