UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,           )<br>Plaintiff,        )<br>                                                              )<br>v.                                                          )<br>                                                              )<br>MICHAEL EDWARD SIWEK,            )<br>Defendant.     )<br>                                                              ) | No. 1:25-cr-4<br><br>Honorable Paul L. Maloney |

## ORDER DENYING MOTION FOR RECONSIDERATION

This matter comes before the Court on Defendant's motion for reconsideration of this Court's order denying an appeal of the Magistrate Judge's revocation of his bond. (ECF No. 88). On the Court's request, the Government responded and opposes Defendant's motion. (ECF No. 98). Because the only new justification Defendant offers for reinstating his bond is based on a factual predicate contrary to available evidence, Defendant's motion will be denied.

"[M]otions for reconsideration which merely present the same issues ruled upon by the court shall not be granted." W.D.Mich. LCrR 47.3(a). For a motion for reconsideration to be granted, it must "demonstrate a palpable defect by which the court and the parties have been misled" and "show that a different disposition of the case must result from a correction thereof." *Id.* A court's bond decision may only be reopened if "information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C.

1

§ 3142(f)(2)(B). "In other words, the new information must be of a nature that would increase the likelihood that the defendant will appear at trial and would show that the defendant is less likely to pose a danger to the community." *United States v. Watson*, 475 F. App'x 598, 600 (6th Cir. 2012).

Defendant is charged with sexual exploitation of a minor and possession of child pornography. He admitted to violating terms of his previous bond by contacting his ex-wife, a witness in this case, several times, and by using a device with internet access. (ECF No. 67 at PageID.182-84). In the motion the Court most recently denied, Defendant argued that prior contacts with his ex-wife were connected with then-ongoing divorce proceedings which have closed, that his parents would deny him access to internet-connected devices, and that he could more effectively prepare documents in his self-representation in this case while not incarcerated. (ECF No. 81). The only new argument Defendant makes in his present motion relates to his health and access to medication while incarcerated. He claims that his "health has significantly declined" and that the jail "does not consistently provide [his] medications (this week alone missing 3 doses)." (ECF No. 88 at PageID.333).

Aside from that claim, Defendant only presents the same issues the Court already ruled upon, so this claim alone must illustrate a "palpable defect" in the Court's prior resolution, the correction of which requires a different outcome. *See* W.D. Mich. LCrR 47.3(a). Even assuming that Defendant's declining health was a sufficient reason to reinstate his bond, the Government's response reveals problems with Defendant's claim. Defendant wrote the present motion on October 4, 2025. (ECF No. 88 at PageID.334). Defendant claims to have missed three doses of his medication in the week prior to that date. (*Id.* at

2

PageID.333). The Government obtained information from the jail in which Defendant is incarcerated regarding the Defendant's receipt of medication for the month preceding October 15, 2025. (ECF No. 98 at PageID.379). That month is inclusive of the week in which Defendant claims to have missed three doses of his medication. The jail reported to the Government that Defendant had missed two doses total over that month, on October 5, 2025 and October 12, 2025, (*id.*), both of which are *after* Defendant wrote the present motion. In light of the inconsistencies between Defendant's only new claim and the available evidence, the Court finds no palpable defect in its prior decision and thus will deny Defendant's motion for reconsideration.

      The motion (ECF No. 88) is **DENIED.**

**IT IS SO ORDERED.**

Date: October 22, 2025                          /s/ Paul L. Maloney
                                                                 Paul L. Maloney
                                                                 United States District Judge