FILED - KZ
November 5, 2025 2:25 PM
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
ems Scanned by ES 11/5

United States District Court
Western District of Michigan
Southern Division

United States of America,
Plaintiff,

v.

Michael Edward Slivek,
Defendant,

No. 1:25-cr-4
Hon. Paul L. Maloney

## Brief Supporting Defendant's Supplemental Motion for Reconsideration

Defendant recently filed a Motion for Reconsideration of his motion for Bond reinstatement. The Court simply stated that No new evidence was provided. However, Defendant had provided a New argument that had never before been presented to the Court. This was the argument of mistake. Defendant had intended that this motion go back to the Magistrate, as the argument had never been presented to her by Defendant's two prior attorneys. Had it been presented, Defendant believes it would have been successful. However, the Court simply ruled that nothing new had been presented and ignored the new argument. Defendant now asks that the

Court address this issue, as Defendant must now be allowed to make the argument that his prior attorneys had not.

## Law and Argument

Bond Violations attributable to an actual mistake are forgivable under federal law.

In US v Miller, 539 F.2d. 445, 447 (11th Cir. 1987), the Court recognized that a bond was a contract between the government and the Defendant. When a violation was based upon a mistake, i.e. whether it was intentional, is an important factor in determining if the violation will be held against the Defendant. US v El Rahib, 11th Cir 22131702 unpublished (9-24-24).

With regard to his use of an internet connected device to attend a mandatory Court hearing in his divorce, Defendant actually believed he was entitled to attend. Defendant did not bother to consult his probation officer because this was ALWAYS allowable in his experience as an attorney for clients to attend hearings. Being an attorney, Defendant assumed this WAS correct. Obviously,

Similarly, Defendant believed he was allowed to speak with his wife within the contexts of the divorce. First, he did not file the divorce proceedings. His wife filed these during the criminal pendency. To demonstrate that his sincere intent was to only prevent, or at least delay the divorce until after his criminal matters had been concluded, Defendant offered initially for Ms. Ford's parents to be present at any such meeting and then her counsel when she was represented. Defendant had not intention to discuss the criminal case or anything related, only to preserve his marriage. This was a mistake, not an intentional violation, and should be forgiven.

Obviously, in hindsight, Defendant realizes that this could all have been avoided had he discussed these matters with his P.O.. However, the Court must realize that Defendant is an attorney. Defendant, in his experience, believed he was allowed, honestly, to take these actions. He never tried to force contact with his wife. In fact, he never even spoke with her and her attorney never responded to a single phone call, correspondence or filing made by Defendant.

Defendant is entitled to having this revocation set aside and his bond restored. This is a true argument that, if given sincere consideration, should be successful. Defendant has now resided in jail for six months. Had this argument been made, actually as Defendant had requested, he should have been returned to bond then. However, the argument was never made.

Defendant now asks that the Court address this issue. Defendant asks that his bond be restored so that he may actually defend himself.

10-29-25
Date

[signature]
Michael E. Siwek
(P64198)

Inmate: M. Siwek
Van Buren County Sheriff
JAIL
205 S Kalamazoo Street
Paw Paw, MI 49079

FIRST-CLASS

US POSTAGE PITNEY BOWES
ZIP 49079
02 7W
0008028433 OCT 31 2025
$ 001.03⁰

Jail Admin.
VBC

Office of the Clerk
107 Federal Building
410 W. Michigan Ave
Kalamazoo, MI
49007

THIS MAIL IS FROM A
PERSON INCARCERATED AT
THE VAN BUREN COUNTY JAIL

49007$3757 C004