UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br><br>v.<br><br>MICHAEL EDWARD SIWEK,<br>　　　　Defendant. | )<br>)<br>)　No. 1:25-cr-4<br>)<br>)　Honorable Paul L. Maloney<br>)<br>)<br>) |

### ORDER DENYING MOTION FOR RECONSIDERATION

This matter comes before the Court on Defendant's motion for reconsideration, (ECF No. 105), of this Court's order denying a prior motion for reconsideration, (ECF No. 100). Defendant presents no new arguments, so Defendant's motion will be denied.

"[M]otions for reconsideration which merely present the same issues ruled upon by the court shall not be granted." W.D.Mich. LCrR 47.3(a). For a motion for reconsideration to be granted, it must "demonstrate a palpable defect by which the court and the parties have been misled" and "show that a different disposition of the case must result from a correction thereof." *Id.* A court's bond decision may only be reopened if "information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2)(B). "In other words, the new information must be of a nature that would increase the likelihood that the defendant will appear at trial and would show that the defendant is

1

less likely to pose a danger to the community." *United States v. Watson*, 475 F. App'x 598, 600 (6th Cir. 2012).

Defendant is charged with sexual exploitation of a minor and possession of child pornography. He admitted to violating terms of his previous bond by contacting his ex-wife, a witness in this case, several times, and by using a device with internet access. (ECF No. 67 at PageID.182-84). Defendant argues that his use of the internet-capable device and his contacts with his ex-wife were mistakes. He previously presented this precise argument in a motion appealing a decision of the magistrate judge, citing the same authorities. (ECF No. 82 at PageID.276-77). The Court rejected the argument, writing:

> None of these arguments are premised on new information, and none of them suggest an increased likelihood that Defendant would appear at trial or that he is less likely to pose a danger to the community. Defendant understates the seriousness of his prior violations. When contacting his ex-wife previously, he expressed willingness to give up claim to marital property in exchange for a meeting with her, (ECF No. 67 at PageID.184-85), suggesting he intended something other than an attempt to repair the marriage. Even if that were his intention, his bond conditions did not contain an exception for intentions he deemed good. Defendant used an internet-connected device without permission while living with his parents; it was his responsibility alone to obey the conditions of his bond, and living with his parents clearly failed to stop him from violating them.

(ECF No. 86). The Court rejected Defendant's characterization of his violations as mere mistakes, so no discussion of the legal authorities Defendant cited as to the effect of a violation being a mere mistake was necessary.

Those authorities would not help Defendant anyway, as they do not support Defendant's argument. Defendant first cites *United States v. Miller*, 539 F.2d 445, 447 (5th

2

Cir. 1976).[1] This case dealt with situations where a bond was secured by surety, and Defendant cites it for the proposition that a bond is a contract between the government and Defendant. (ECF No. 106 at PageID.418). That is irrelevant to Defendant's argument regarding the effect of mistakes. Defendant also cites *United States v. Alrahib*, No. 22-13172, 2024 WL 4298263, at *3 (11th Cir. Sep. 26, 2024).[2] Defendant cites this case for the proposition that whether a bond condition violation was intentional "is an important factor in determining if the violation will be held against the Defendant." (ECF No. 106 at PageID.418). The case does not say this; the factors discussed in the case were factors for determining whether bond should be remitted or forfeited. *See Alrahib*, 2024 WL 4298263, at *3. Even if the case did support the proposition for which Defendant cites it, it would merely be persuasive authority suggesting that a certain factor is relevant rather than dispositive. Even were the Court convinced, which it was and is not, that Defendant's violations of the conditions of his release were merely mistakes, the multiple violations justify the conclusion that Defendant would be liable to repeat those mistakes.

Defendant presents only arguments the Court has previously considered and rejected. Even if the Court resolved certain predicate questions differently, the result would remain the same. The motion (ECF No. 105) is thus **DENIED.**

**IT IS SO ORDERED.**

Date:  November 6, 2025              /s/ Paul L. Maloney
                                     Paul L. Maloney
                                     United States District Judge

---

[1] Defendant incorrectly cited this case as "*US v. Miller*, 539 F.2d 445, 447 (11th Cir. 1987)."
[2] Defendant's citation to this case was incomplete and had the wrong date: "*US v. Alrahib*, 11th Cir. 2213172 unpublished (9-24-24)."