**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**UNITED STATES OF AMERICA**
Plaintiff,

Case No. 1:25-cr-00004-PLM

Hon. Paul L Maloney

v.

**MICHAEL SIWEK,**
Defendant.
/

## MOTION TO WITHDRAW GUILTY PLEA

Defendant Michael Edward Siwek moves, before sentencing, to withdraw his guilty plea under Federal Rule of Criminal Procedure 11(d)(2)(B).

### I. INTRODUCTION

The motion rests on a specific defect in the plea colloquy: Mr. Siwek was not advised of the Court's obligation to order restitution, as required by Rule 11(b)(1)(K).

That omission was material. Restitution requests in this case exceed $150,000. And because Mr. Siwek pleaded guilty to offenses under Chapter 110 of Title 18, restitution is mandatory and may encompass the full amount of a victim's losses. 18 USC § 2259. In determining that amount, unlike with the imposition of a fine, the Court does not consider the defendant's economic circumstances. 18 USC §

3664(f)(1)(A). This matters, in part, because Mr. Siwek is indigent as determined by this Court.

The plea transcript reflects advisements about imprisonment, fines, supervised release, special assessments, sex-offender registration, and the Sentencing Guidelines. Plea Tr., ECF No. 128, PageID.477-479. It contains no corresponding advisement that the Court would be required to order full restitution to each person depicted in the images. The result was a guilty plea entered without notice of a mandatory financial consequence that now exceeds $150,000, rendering the plea something less than fully knowing and voluntary.

Mr. Siwek previously moved *pro se* to withdraw his pleas on a different basis. That motion, filed on June 1, 2026 at ECF No. 133, PageID.546-549, asserted Mr. Siwek's innocence to the charges. The instant motion presents a different basis: a Rule 11 defect apparent from the plea transcript and material in light of the restitution requests now before the Court[1]. The present motion concerns the separate failure to advise him of restitution exposure under Rule 11(b)(1)(K).

As of this filing, sentencing is scheduled for October 28, 2026. Because sentence has not been imposed, the governing question is whether Mr. Siwek has shown a fair and just reason for withdrawal. He has.

[1] The restitution requests have been submitted to the United States Probation Officer who is drafting a presentence report which has not yet been finalized.

## II. STATEMENT OF FACTS

A grand jury charged Mr. Siwek with sexual exploitation of a child under 18 U.S.C. § 2251(a) and possession of child pornography under 18 U.S.C. § 2252A(a)(5)(B).

On February 24, 2026, immediately before the start of a jury trial, Mr. Siwek appeared for a change-of-plea hearing and pleaded guilty to both counts without a plea agreement. The Court advised him that Count 1 carried a mandatory minimum sentence of fifteen years, a maximum sentence of thirty years, and a maximum fine of $250,000. The Court advised him that Count 2 carried a maximum sentence of twenty years and a maximum fine of $250,000.

The Court also addressed supervised release, special assessments, sex-offender registration, the advisory Sentencing Guidelines, and the sentencing factors under 18 U.S.C. § 3553(a). The Court did not advise Mr. Siwek that it could order restitution. And, importantly, the Mr. Siwek was not advised that imposition of restitution was mandatory. After accepting the pleas, the Court ordered preparation of a presentence report and indicated that sentencing would be scheduled later.

Restitution requests exceeding $150,000 have since been submitted in this case. Mr. Siwek submits that if he had known of the restitution obligation, he would not have tendered his guilty pleas.

## LAW AND ARGUMENT

After a court accepts a guilty plea but before sentencing, the defendant may withdraw the plea by showing a "fair and just reason" for withdrawal under Rule 11(d)(2)(B). *United States v. Dixon*, 479 F.3d 431, 436 (2007).

The Court considers the totality of the circumstances, including:

1. The time between the plea and the motion;
2. Whether a valid reason explains any delay;
3. Whether the defendant has asserted or maintained innocence;
4. The circumstances surrounding entry of the plea;
5. The defendant's nature and background;
6. The defendant's prior experience with the criminal-justice system; and
7. Any potential prejudice to the Government.

*United States v. Bashara*, 27 F.3d 1174, 1181 (1994). The factors are nonexclusive, and no single factor controls. *United States v. Watts*, 2025 U.S. App. LEXIS 2141, 9 (2025).

**III. The omission of the restitution advisement materially affected the circumstances under which Mr. Siwek pleaded guilty.**

The Fifth Amendment's Due Process Clause allows district courts to accept a criminal defendant's guilty plea if, but only if, the defendant enters the agreement in a "knowing and voluntary" manner. *Parke v. Raley*, 506 U.S. 20, 28, 113 S. Ct. 517, 121 L. Ed. 2d 391 (1992). The Supreme Court has "emphasized the value in a district court's adhering 'meticulously' to Rule 11." *United States v. Syal*, 963 F.2d 900, 904 (6th Cir. 1992) (citing *McCarthy v. United States*, 394 U.S. 459, 465, 89 S. Ct. 1166, 22 L. Ed. 2d 418 (1969)).

"While recognizing that the Rule 11 procedure itself is not constitutionally mandated, . . . '[i]t is designed to assist the district judge in making the

constitutionally required determination that a defendant's guilty plea is truly voluntary . . . and to produce a complete record at the time the plea is entered of the factors relevant to this voluntariness determination.'" *Id.* (quoting *McCarthy*, 394 U.S. at 465).

"[F]ailure to comply with Rule 11 is harmless only if the variance from the procedures "does not affect substantial rights." *United States v. Syal*, 963 F.2d 900, 904 (6th Cir. 1992). "If a District Court fails to comply with Rule 11 and that failure cannot be said to be harmless, a defendant is entitled to a remedy." *Id* citing *United States v. Goldberg,* 862 F.2d 101 (6th Cir. 1988)(noting that vacation of plea and remand for repleading is appropriate remedy in case where it is not clear that defendant understood charges or that there was factual basis for plea).

Rule 11(b)(1)(K) required the Court to address restitution before accepting Mr. Siwek's plea. The plea transcript shows that the Court carefully advised Mr. Siwek about imprisonment, fines, supervised release, assessments, registration, and the Sentencing Guidelines, but did not discuss restitution. Perhaps this is because restitution is often addressed in plea agreements, but there was no plea agreement in this case. Mr. Siwek was pleading to the indictment on the morning of trial.

Undersigned counsel did not represent Mr. Siwek at the arraignment. The Government's lawyer has represented that she believes the issue of restitution was mentioned at the arraignment. Assuming it was, that does not cure the Rule 11 problem because it was not on Mr. Siwek's mind at the time of the plea. The arraignment when this advice *may* have been given occurred 403 days, one bond

revocation, and two lawyers before the change of plea. Simply put, it is not reasonable to hold Mr. Siwek to remember the details of penalties he may have been advised of – if at all – one time in general terms more than a year earlier.

At the time Mr. Siwek pled guilty, on the cusp of trial, he was not advised of the substantial mandatory restitution obligation. Section 2259 provides that the Court shall order restitution for an offense under Chapter 110 and generally directs payment of the full amount of the victim's losses. 18 USC § 2259. The charged offenses fall within that chapter. Moreover, when determining the amount of mandatory restitution, the Court orders each victim's full losses without considering the defendant's economic circumstances. 18 USCS § 3664.

The restitution requests now exceed $150,000. That exposure is not nominal or incidental. It is a substantial, independently enforceable component of the judgment and one that the Court lacks discretion to reduce. A restitution order may be enforced by the United States through available enforcement mechanisms, and a victim may obtain an abstract of judgment that becomes a lien on the defendant's property when properly registered. 18 USC § 3664.

The plea colloquy therefore presents a mismatch between the consequences explained before the pleas and the consequences the government now seeks to extract from Mr. Siwek. He was told about a possible $250,000 fines which is not mandatory, but he was not told that restitution could be ordered in addition to other penalties, much less that mandatory restitution exceeding $150,000 would be

sought. On the present facts, that omission bears directly on the circumstances underlying the pleas and supplies a fair and just reason to permit withdrawal.

**IV. The omission cannot be deemed harmless merely because the Court advised Mr. Siwek of possible fines.**

In *United States v. Hodge*, the court treated the failure to discuss restitution as harmless where the defendant had been warned of a possible $250,000 fine and the restitution actually imposed was $14,369, accompanied by a $100 fine. *United States v. Hodge*, 259 F.3d 549, 553 (2001). That post-sentencing determination does not resolve this presentence motion.

First, the magnitude and procedural posture differ. *Hodge* considered the standard of review on appeal – harmless error – for a restitution order already imposed and compared it with the fine disclosed during the plea hearing. *United States v. Hodge*, 259 F.3d 549, 553 (2001). Here, sentencing has not occurred, the ultimate financial judgment has not been fixed, and pending restitution requests already exceed $150,000. The Court therefore cannot evaluate harmlessness by comparing a completed sentence with the plea advisement.

Second, the question under Rule 11(d)(2)(B) is whether a fair and just reason supports withdrawal before sentencing. *United States v. Dixon*, 479 F.3d 431, 436 (2007). Mr. Siwek's motion asks the Court to consider the actual circumstances surrounding his decision to plead, including the complete absence of any restitution warning and the substantial requests that later emerged.

Third, the fine advisement did not identify restitution as an additional mandatory consequence. The Court stated the maximum fine applicable to each

count, but it did not tell Mr. Siwek that he faced restitution measured by victims' full losses without regard to his financial circumstances. The advisement about a discretionary fine did not convey the nature of the separate restitution exposure presented here.

Counsel understands that Mr. Siwek's position is that had he known of the mandatory restitution obligation, he would not have tendered his guilty plea. That showing connects the omitted advisement to the plea decision itself, rendering it not knowing and voluntary.

## V. The Rule 11(d)(2)(B) factors favor withdrawal.

The most important circumstances here are the plea-colloquy defect, the magnitude of the undisclosed restitution exposure, and the effect of that exposure on Mr. Siwek's decision to plead. Those circumstances favor withdrawal.
The timing factor should be measured from the date that Mr. Siwek was informed of the restitution obligation and the requirements of Rule 11. Mr. Siwek filed the present motion mere weeks after learning of the proposed restitution obligation. Any interval between the plea and this motion is explained by the fact that his prior counsel did not attend the presentence interview in its entirety and did not meet with him to discuss the presentence report.

Mr. Siwek was forty-nine years old at the plea hearing, had graduated from law school, and was a member of the bar. While he practiced criminal defense in state court, he was not versed in federal criminal law. A review of CM/ECF discloses

that he appeared in one post-judgment criminal case[2], one supervised release violation[3] where he appeared on June 30th and withdrew on July 1st, and one civil case that resolved by settlement.

Those facts form part of the totality of the circumstances, but they do not change what occurred: the plea colloquy did not identify restitution as a consequence, and the requests now exceed $150,000.

The prior motion did not address the present ground. The earlier motion asserted Mr. Siwek's innocence as a basis for withdrawal. This motion instead relies on the Court's omission of the Rule 11(b)(1)(K) restitution advisement and the substantial restitution requests now pending. The Sixth Circuit applies the same Rule 11(d)(2)(B) fair-and-just-reason standard when reviewing a second motion to withdraw a plea. *United States v. Carson*, 32 F.4th 615, 623 (2022). The present motion should therefore be evaluated on its own stated ground and under the totality of the circumstances.

Finally, this motion doesn't prejudice the government. They have already prepared for trial so there is no additional work to be done. Potential prejudice is one factor in the analysis, not the exclusive consideration. *United States v. Watts*, No. 24-1043, 2025 LX 167654, at *9 (6th Cir. Jan. 28, 2025).

---

[2] United States v. Adam Campbell, 20-cr-144-HYJ. It appears that Mr. Siwek was not registered to use CM/ECF receiving multiple notices regarding his obligation to register *See* Second Notice, United States v. Adam Campbell, 20-cr-144-HYJ, ECF No. 89, PageID.437.
[3] *See* United States v. Larry Coccia, 06-pt-34-RHB.

## VI. The presentence standard governs this motion.

The Supreme Court has held that a defendant seeking reversal on appeal for an unpreserved Rule 11 error must show a reasonable probability that, but for the error, the defendant would not have pleaded guilty. *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004). That decision addressed appellate plain-error review after a guilty plea, not a presentence motion under Rule 11(d)(2)(B). *Id.*

This motion instead arises before sentencing and is governed by the fair-and-just-reason standard. *United States v. Dixon*, 479 F.3d 431, 436 (2007). Even if the Court considers whether the omission affected Mr. Siwek's plea decision, the answer is yes: there is a substantial difference between signing up to serve decades in prison where the government will seize most of your earnings to pay mandatory restitution as opposed to being able to afford to buy toothpaste and basic necessities with the minimal earnings of a prisoner.

## CONCLUSION AND PRAYER FOR RELIEF

For these reasons, Defendant Michael Edward Siwek respectfully requests that the Court find a fair and just reason for withdrawal under Rule 11(d)(2)(B), grant his motion, permit him to withdraw his guilty pleas to Counts 1 and 2, and restore the case to the trial docket.

Respectfully Submitted,
**BLANCHARD LAW**

Dated: October 5, 2026

/s/ Joshua A. Blanchard
Joshua Blanchard
Attorney for Defendant
309 S. Lafayette St., Ste. 208
Greenville, MI 48838
(616) 773-2945
josh@blanchard.law

**Certificate of Compliance with LCrR 47.2(b)(ii)**

I certify that this motion and brief contains 2,340 countable words as defined by LCrR47.2(b)(i) and as calculated by Microsoft Word for Mac 16.115.

Dated: October 5, 2026

/s/ Joshua A. Blanchard
Joshua A. Blanchard