UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

MICHAEL EDWARD SIWEK,

Defendant.
_______________________________/

No. 1:25-cr-4

Hon. Paul L. Maloney
U.S. District Judge

# GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S SECOND MOTION TO WITHDRAW GUILTY PLEA

On February 24, 2026, Defendant Michael Siwek pleaded guilty to Count 1, sexual exploitation of a child, and Count 2, possession of child pornography, of the Indictment. Three months later Defendant moved *pro se* to withdraw his guilty plea, which the Court denied on July 15, 2026. Now, with new counsel, Defendant moves again to withdraw his guilty plea.

Defendant's new ground for his requested relief is a Rule 11 defect in the plea colloquy: the lack of an advisement about mandatory restitution. Because this does not establish a fair and just reason to withdraw his plea, the motion should be denied.

## I. Factual Background

### a. Procedural History

On January 14, 2025, a grand jury charged Defendant with sexual exploitation of a child and possession of child pornography. On January 17, 2025, Defendant appeared before U.S. Magistrate Judge Sally J. Berens for an arraignment. During

that hearing, Judge Berens read the penalties associated with each of the indicted counts and confirmed Defendant's understanding:

> THE COURT: All right. There are certain statutory penalties that are associated with each of these offenses. Count 1, which is sexual exploitation of a child, carries a mandatory minimum period of incarceration of 15 years and up to 30 years, a fine of up to $250,000, supervised release of a minimum of five years and up to your lifetime. Restitution that is mandatory and special assessments of $100, $5,000 and up to $50,000 as well as sex offender registration. Do you understand what the penalties for Count 1 could be?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Count 2 charges – charging possession with child pornography carries a maximum period of incarceration of 20 years and a fine of up to $250,000, supervised release of at least five years and up to your lifetime, mandatory restitution and special assessments of $100, $5,000, and up to $17,000, as well as sex offender registration, and, of course, both counts may potentially carry forfeiture that we – that I mentioned previously. Do you understand what the penalties could be for Count 2?
>
> THE DEFENANT: I do.

(R.164: Arraignment and Initial Pretrial Conference Transcript, PageID.721-22). These penalties were also enumerated in the penalty sheet. (R.22: Penalty Sheet, PageID.45.)

The morning of trial, February 24, 2026, Defendant pleaded guilty to the Indictment. Defendant was sworn in, and the Court confirmed that Defendant was satisfied with his attorney and had ample time to discuss his decision. (R.128: Change of Plea Hearing Transcript, PageID.475-76.) The Court then advised Defendant of his rights, the charges against him, and the maximum penalties, including the maximum fine, $250,000 for each count. The Court did not advise Defendant about restitution. (*Id.* at PageID.476-81.) The Court asked if Defendant was "pleading guilty freely and

voluntary and because you are, in fact guilty of the crimes," and Defendant confirmed he was. (*Id.* at PageID.482.) Defendant then described what made him guilty of both counts. (*Id.* at PageID.482-85.) The Court accepted the guilty pleas and adjudicated Defendant guilty. (*Id.* at PageID.485.)

Following the guilty plea, U.S. Probation Office provided the parties the initial PSR on May 27, 2026. The report included a note: "At the time of the presentence interview [Defendant] declined to answer questions regarding the instant offense, and advised he intends to seek to withdraw his plea." (R.132: Initial PSR, page 11.) Defendant filed a *pro se* motion to withdraw his plea on June 1, 2026. (R.134: Defendant's Brief in Support of Motion to Withdraw Guilty Plea). Two weeks later, Defendant filed a supplement to his motion (R.140) and a motion to discharge his attorney (R.141). After holding a hearing on these motions, the Court ordered Defendant be appointed new counsel and denied the motion to withdraw his plea. (R.149, Order Granting Motion to Discharge Counsel; R.150: Opinion and Order Denying Defendant's Motion to Withdraw his Guilty Plea).

Defendant now moves again to withdraw his guilty plea.

## II. Argument

After a district court has accepted guilty pleas, but before sentencing, a defendant may withdraw his plea only if he can show a "fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). "A defendant has no right to withdraw his guilty plea" and bears the burden of proving that he should be allowed to do so. *United States v. Martin*, 668 F.3d 787, 794 (6th Cir. 2012).

Courts assess the following factors to determine whether a defendant has established a "fair and just reason" for withdrawal: (1) the elapsed time between the plea and the motion to withdraw; (2) whether there is a valid reason for the failure to seek earlier withdrawal; (3) whether the defendant has asserted or maintained his innocence; (4) the circumstances underlying the entry of the guilty plea; (5) the defendant's nature and background; (6) the defendant's prior experience with the criminal justice system; and (7) any potential prejudice to the government if the motion to withdraw is granted. *United States v. Ellis*, 470 F.3d 275,281 (6th 2006) (citing *United States v. Bashara*, 27 F.3d 1174, 1181 (6th Cir. 1994)). "The factors listed are a general, non-exclusive list and no one factor is controlling." *Id.*

Defendant's second motion focusses on the fourth factor, circumstances of the plea, specifically an omission in the Rule 11 plea colloquy. This, and the other factors, weigh against allowing Defendant to withdraw his guilty plea.

**a. Circumstance of Plea**

Defendant's second motion to withdrawal argues that if he was advised that he faced mandatory restitution, Defendant would not have pleaded guilty. Defendant's argument that this is a fair and just reason to withdraw his plea falls for at least two reasons: first, the Rule 11 error that Defendant points to does not affect his substantial rights; and second, the other evidence in the record counters Defendant's core claim that with a warning about mandatory restitution, he would not have pleaded guilty.

*i. Assuming a Rule 11 error, it does not affect Defendant's substantial rights.*

Rule 11(h) provides that "[a] variance from the requirements of this rule is harmless error if it does not affect substantial rights." The Sixth Circuit has consistently held that failure to discuss restitution is harmless error "where the defendant is informed of a possible fine and the restitution order does not exceed the amount of the fine." *United States v. Hodge*, 259 F.3d 549, 553 (6th Cir. 2001) (citing *United States v. Miller*, 900 F.2d 919, 921 (6th Cir.1990)). Other Circuits similarly follow this rule that substantial rights are not affected when restitution is lower than the advised maximum fine. *See e.g., United States v. Molzen,* 382 F.3d 805, 807 (8th Cir.2004); *United States v. Morris,* 286 F.3d 1291, 1294 (11th Cir. 2002); *United States v. Gabriele*, 24 F.3d 68, 71 (10th Cir. 1994). Underlying these decisions is the notion that "[i]t is the amount of liability, rather than the label of 'restitution,' that affects [defendant's] substantial rights." *United States v. Glinsey,* 209 F.3d 386, 395 (5th Cir. 2000). In a case involving mandatory restitution, the Fifth Circuit applied the same reasoning. *United States v. Powell*, 354 F.3d 362, 367–68 (5th Cir. 2003) (finding the reasoning of *Glinsey* applies when district court failed to advise the defendant of mandatory restitution as long as fines and restitution do not exceed maximum fine).

Defendant's motion makes numerous references to the "substantial" amount of restitution in an apparent effort to prop up the claim that this was not a harmless error, as if a larger number is more likely to affect substantial rights. However, the specific dollar amount is not relevant to this analysis. Rule 11(b)(1)(K) requires a warning about "the court's authority to order restitution" and not the exact dollar

amount because restitution is a fact-intensive inquiry. *See* 18 U.S.C. § 3664; Fed. R. Crim. P. 11 Advisory Committee Notes to 1985 Amendments.

Here, assuming the Court orders restitution as requested in the PSR, $166,550, it is well below the maximum fine that Defendant was advised of: $250,000 for each count, for a total of $500,000. When Defendant pleaded guilty, he knew and acknowledged that his financial exposure was $500,000, and yet he proceeded to plead guilty. A restitution order within the maximum fine range would therefore not affect Defendant's substantial rights.

*ii. The record does not support Defendant's claim about his decision to plead guilty*

Defendant's motion states that "had he known of the mandatory restitution obligation, he would not have tendered his guilty plea." (R.160, Motion to Withdraw Guilty Plea, PageID.659). When evaluating these claims, courts must look at "contemporaneous evidence to substantiate defendant's expressed preferences" rather than "*post hoc* assertions." *Lee v. United States*, 582 U.S. 357, 369 (2017); *see also United States v. Cartwright,* No. 23-1041, 2024 WL 4133821, at *11 (6th Cir. Sept. 10, 2024) ("Although Cartwright now claims that he would not have pled guilty had he known the extent of his restitution obligation, his actions, or lack thereof, speak louder than his post-hoc rationalizations.")

Here, there is no evidence that mandatory restitution was a determinative issue in Defendant's decision to plead guilty. *See Lee*, 582 U.S. at 396. First, Defendant was advised that these charges carried with them mandatory restitution. This requirement is clearly laid out in the filed penalty sheet and was explained to

him at arraignment, where Defendant acknowledged that he understood the penalties. (R.164: Arraignment and Initial Pretrial Conference Transcript, PageID.721-22). Defendant therefore did have notice of the mandatory restitution and pleaded guilty anyway.

Second, we are in the unusual posture where Defendant has already attempted to withdraw his plea. That motion makes no mention of the restitution obligations. If Defendant truly would not have pleaded guilty if he was warned of mandatory restitution at the plea hearing, it stands to reason that he would have brought this up in the earlier motion. The instant motion to withdraw his guilty plea, therefore, seems to not only be a *post hoc* rationalization, but the second attempt at one.

**b. Remaining Factors**

Although Defendant's second motion for withdrawal focuses on the circumstances of the plea, the other factors for evaluating a "fair and just" reason remain relevant and weigh against Defendant.

Defendant's motion claims that the present motion was filed "mere weeks after learning of the proposed restitution obligation" and blames any delay on prior counsel's alleged lack of consultation on the PSR. (R.160, PageID.659.) Assuming Defendant only learned of restitution in the initial PSR, this motion was filed months after. The initial PSR was provided to counsel of record on May 27, 2026. The government became aware of Defendant's concern regarding a Rule 11 defect and restitution in an email to U.S. Probation from current defense counsel on July 22,

2026.[1] So, even assuming a justifiable delay related to prior counsel, this motion was filed at least 75 days after Defendant was aware of the grounds that he now uses to argue for withdrawal.

This length of delay weighs against Defendant's requested relief. *United States v. Jannuzzi*, No. 07-4521, 2009 WL 579331, at *3 (6th Cir. Mar. 6, 2009) (finding a 30-day delay "at the boundary line between what is acceptable and what is not."); *see also United States v. Baez*, 87 F.3d 805, 808 (6th Cir. 1996) (67-day delay one of the strongest factors supporting denial of motion to withdraw); *United States v. Goldberg*, 862 F.2d 101, 104 (6th Cir.1988) (55-day delay); *United States v. Spencer*, 836 F.2d 236, 239 (6th Cir.1987) (35-day delay).

The analysis of the remaining factors does not change with this new motion. Regarding whether he maintained his innocence, Defendant does not raise anything to dispute that he "most certainly did not maintain his innocence at the change of plea hearing." (R.150: Opinion and Order Denying Defendant's Motion to Withdraw his Guilty Plea, PageID.631.) Defendant's background and experience in criminal justice does not change, as Defendant was still an attorney practicing criminal defense and "thus uniquely well-positioned to understand what pleading guilty means…." (*Id.* at PageID.636.) Finally, almost three months ago, the Court found there would be "some meaningful prejudice to the government." (*Id.*) The further delay has only increased that prejudice.

---

[1] This email relayed that Defendant would be objecting to the inclusion of restitution because he was not advised of the mandatory restitution in the plea hearing and can be provided to the Court upon request.

## III. Conclusion

For the reasons stated, the Court should deny Defendant's motion.

Respectfully submitted,

TIMOTHY VERHEY
United States Attorney

Dated: October 9, 2026

*/s/ Julia Rugg*

JULIA M. RUGG
Assistant United States Attorney
P.O. Box 208
Grand Rapids, MI 49501-0208
(616) 456-2404