UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

MICHAEL EDWARD SIWEK,

Defendant.

No. 1:25-cr-4

Hon. PAUL L. MALONEY
United States District Judge

# GOVERNMENT'S SENTENCING MEMORANDUM

Defendant covertly recorded an unclothed eight-year-old child while she got dressed in her bedroom. In addition to this video of the child, police found unrelated child pornography on Defendant's phone and computer.

Defendant maintains six objections to the Presentence Investigation Report (PSR). (R:163, PSR Addendum). First, Defendant objects to the image count enhancement under U.S.S.G § 2G2.2(b)(7)(D). Second, Defendant objects to the inclusion of prior allegations of sexual abuse in the Offense Conduct section of the PSR. Third, Defendant objects to the imposition of any mandatory restitution. Fourth, Defendant objects to Probation's recommendation that he not receive a reduction for acceptance of responsibility. Fifth, Defendant objects to the inclusion of factual summaries of material U.S. Probation received from Defendant's first ex-wife. Finally, Defendant objects to the inclusion of the Justice for Victims of Trafficking Act (JVTA) assessments.

The government requests the Court overrule Defendant's objections one, two, three, four, and six and sentence Defendant within the Guidelines range.

## Factual Summary

While Defendant was sleeping, his wife looked at his phone and found videos of an undressed child (referred to as Minor Victim 1 (MV1)). Defendant's wife confronted him, and Defendant said he tried to delete the videos and had never touched MVI. She then called 911.

Police responded to the home. Defendant told a deputy that he "wanted to take the video initially" but then he "tried to delete it but apparently . . . didn't delete it entirely." He admitted to propping up his cell phone camera to capture MV1 getting dressed. Police seized his phone and computer, then obtained search warrants to examine their contents.

Investigators found the video on Defendant's phone that Defendant's wife reported. Defendant can be seen at the beginning of the video setting up the cell phone camera and at the end of the video retrieving his phone. Thousands of additional unrelated child pornography files were found on the phone and computer, as well as other evidence of Defendant visiting child pornography websites.

## Objections

1. Paragraphs 16 and 41, Image Count

Defendant objects to the sentence regarding the approximate image count in paragraph sixteen of the PSR, which in turn results a five-level specific offense

characteristic for Count Two pursuant to U.S.S.G § 2G2.2(b)(7)(D).[1]

Defendant's devices had approximately 8,079 images of child pornography based on the report produced from analyzing the devices. It is undisputed that a majority of these images were cached files but given the large number of images it would be difficult to examine every file path to determine the exact number of cached images. However, there is sufficient evidence that "the offense involved more than 600 images" because the forensic reports show Defendant possessed or accessed with intent to view over 8,000 images.

This conclusion is also consistent with Defendant's own admissions in his first motion to withdraw his plea. Defendant attempted to justify his possession of child pornography as an accident and that he continued to find and download the child pornography to aid the police. Defendant essentially concedes the facts necessary to apply this enhancement: "Defendant searched along these same lines endlessly, sometimes as long as ten or twelve hours straight, finding more of this freely available [child pornography] content. He downloaded it all, transferred it to a flash drive, then immediately deleted it from his computer." (R.134: Defendant's Brief in Support of Motion to Withdraw Guilty Plea, PageID.573). Thus, Defendant admitted to possessing the child pornography even if it was eventually deleted and recovered as cached files.

---

[1] PSR writer states that not applying this enhancement would not change the overall offense level. The government believes that it would because if Count Two is only as 0.0 units, the adjusted offense level would not be increased by 1 level pursuant to the table at U.S.S.G. § 3D1.4, resulting in a total offense level of 38.

The sentence in paragraph sixteen has sufficient support and the five-level enhancement to Count Two is appropriately applied; Defendant's objection should be overruled.

2. Paragraph 21, Allegations of Sexual Abuse

Defendant objects to paragraph 21 of the PSR, arguing that prior allegations of sexual abuse are not relevant to the Offense Conduct section. The government understands this objection to relate to the organization of the PSR, rather than the content of the paragraph.

The government agrees with U.S. Probation's position that the context of this paragraph makes its placement in the Offense Conduct section appropriate because the prior abuse allegation was learned during the investigation and is related to statements made by Defendant's wife to police. Defendant's objection two should be denied.

3. Paragraphs 23 and 158, Restitution

Defendant objects to the inclusion of any restitution because he was not advised of mandatory restitution during his plea colloquy, as required by Rule 11(b)(1)(K).

This issue is discussed extensively in the Government's Response in Opposition to Defendant's Second Motion to Withdraw Guilty Plea. (R:165). Relevant for the purposes of ordering restitution at sentencing are Sixth Circuit decisions where the failure to advise about restitution was ruled harmless error when the restitution did not exceed the advised maximum fine. *See United States v. Hodge*, 259

F.3d 549, 553 (6th Cir. 2001); *United States v. Miller*, 900 F.2d 919, 921 (6th Cir. 1990).

Here, Defendant was advised of the maximum fine for each count was $250,000 during the Rule 11 hearing and the PSR includes restitution of $166,500. (R:128, Plea Hearing Transcript, PageID.477-78). As this is below the maximum penalty, the Court should overrule Defendant's objection and order restitution.

4. <u>Paragraphs 26 and 51, Acceptance of Responsibility</u>

Defendant argues that he should receive a two-level reduction for acceptance of responsibility pursuant to U.S.S.G § 3E1.1(a).

As quoted in the PSR, the comments to § 3E1.1 make clear that acceptance of responsibility points are not a right to the defendant that pleads guilty. While Defendant knowingly pleaded guilty on the morning of trial, his actions since then outweigh that acceptance of responsibility. Defendant has now moved twice to withdraw his guilty plea. (R.134; R.160). Defendant's first motion in particular shows his lack of acceptance of responsibility as much of that motion is dedicated to Defendant's attempts to excuse the conduct that underlies his convictions.

Because Defendant's conduct is inconsistent with acceptance of responsibility, his objection should be denied.

5. <u>Paragraphs 73-75, 78, and 81-85, Summary of Ex-wife Provided Materials</u>

Defendant objects to multiple factual paragraphs summarizing statements and materials that U.S. Probation received from Defendant's ex-wife.

The government takes no position on the inclusion of these paragraphs. As U.S. Probation believes that these paragraphs are properly included based on the rules governing PSRs, the government suggests that the objection be resolved by including Defendant's objection at the end of the paragraphs at issue in the Final PSR.

6. Paragraph 154, JVTA Special Assessment

Defendant objects to the imposition of the $5,000 JVTA assessment. The government understands that this objection has two bases: Defendant's indigency and the lapse of authorization for this assessment during the pendency of this case.

As to the first basis, the government agrees with U.S. Probation's determination that Defendant could be held responsible for the assessment given his education and financial profile.

Regarding the JVTA lapse from October 1 to November 11, 2025, this does not prevent the Court from imposing the assessment. The Defendant committed the offense while the JVTA was in effect, and 1 U.S.C. § 109 provides that "[t]he expiration of a temporary statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the temporary statute shall so expressly provide, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture, or liability." The previous version of the JVTA assessment, 18 U.S.C. § 3014(a), did not expressly extinguish the obligation to pay the assessment. Thus, the Court can still impose the JVTA assessment and should deny Defendant's objection.

## Argument

In addition to determining the proper advisory Guidelines range, the Court must also consider the sentencing factors under 18 U.S.C. § 3553(a) when imposing and explaining its sentence. *United States v. Hall*, 632 F.3d 331, 335 (6th Cir. 2011) (citing *United States v. Alexander*, 543 F.3d 819, 822 (6th Cir. 2008) (citing *Gall v. United States*, 552 U.S. 38, 51 (2007))).

A sentence within the properly calculated Guidelines range of 262 to 327 months is sufficient, but not greater than necessary, to comply with the purposes of sentencing set forth in 18 U.S.C. §3553(a).

Defendant secretly set up his cell phone camera in MV1's bedroom to record her getting dressed after getting out of the shower. Defendant, a trusted adult in MV1's life, invaded her room and recorded private moments while she was fully nude. Other than during his guilty plea and admitting to the lascivious nature of this video, Defendant has expressed no remorse. He has only tried to justify and normalize his actions. (*See* R. 134, PageID.578). In addition, Defendant by his own admission searched for and downloaded other child pornography. A guidelines sentence is necessary to reflect the seriousness of the offenses, afford adequate deterrence, and protect the public from future crimes of Defendant.

## Conclusion

For the reasons stated above, the government asks the Court to overrule Defendant's objection and impose a guidelines sentence.

Respectfully submitted,

TIMOTHY VERHEY
United States Attorney

Dated: October 14, 2026

*/s/ Julia M. Rugg*

JULIA M. RUGG
Assistant United States Attorney
P.O. Box 208
Grand Rapids, Michigan 49501
Tel. (616) 309-0841